UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 27 2014 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

KEITH BEAUFORT, KAREEM CAMPBELL, TERRANCE JONES, IRA MARTIN, and JONATHAN SCOTT,

Defendants.

13-CR-125

Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,



1

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

Prompted by several shootings in early 2012, the New York Police Department began an investigation into drug trafficking and violent crime in the Bushwick Houses, a public housing development in Brooklyn, New York. While investigating the shootings, police officers identified Terrance Jones, Kareem Campbell, Keith Beaufort, Ira Martin, and Jonathan Scott as street-level crack cocaine dealers working discrete "turfs" within the development.

Undercover police officers and cooperating witnesses made multiple purchases of crack cocaine from each of the defendants. The transactions were spread out over several months during the summer and fall of 2012. All sales involved relatively modest quantities of cocaine. In total, the government alleges that Beaufort is accountable for the sale of 1.257 grams of crack cocaine; Campbell for 1.691 grams; Jones for 3.044 grams; Martin for 3.44 grams; and Scott for 1.869 grams.

There is no information to suggest that any of the defendants were involved in violence or shootings that were the focus of the original police investigation. The defendants worked independently of one another and did not maintain supervisory roles over other co-conspirators.

The defendants were arrested between February 2013 and April 2013. The government charged each defendant with a single count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§846 and 841(b)(1)(C). All five pleaded guilty.

The offense conduct for all five defendants is relatively similar, but the Sentencing Guidelines recommend dramatically longer terms of incarceration for two of the defendants based on their lengthy criminal histories. The government agrees that within-guidelines sentences would be "much too long" considering the limited extent of the instant wrongdoing.

### a. *Terrance Jones*

Jones's total offense level is 29 and his criminal history category is VI. The recommended guideline imprisonment range is 151 to 188 months.

Jones was sentenced to time served—over a year in prison—and five years of supervised release. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). A sentence within the guidelines is not appropriate in this case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Jones is now 41 years old. He has cohabitated with his girlfriend, with whom he has two children, since the mid-1990s. His girlfriend describes him as a "great father" who is involved in the lives of his children. Jones's 14-year-old daughter spoke at sentencing about missing her father, emphasizing that she "just want[s] him home." Also supporting Jones at sentencing were his mother-in-law and five cousins and friends.

Jones has some prospects for legal employment upon release. He has a suspended commercial driver's license, which he hopes to restore, and is motivated to work as a driver. His cousin, who works delivering car parts, testified that he would assist Jones in finding employment.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and a term of imprisonment exceeding a year. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse and desire to abandon his lengthy criminal career.

### *b. Kareem Campbell*

Campbell's total offense level is 29 and his criminal history category is VI. The recommended guideline imprisonment range is 151 to 188 months.

Campbell was sentenced to one year and one day incarceration, and three years of supervised release. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). A sentence within the guidelines is not appropriate in this case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant is 31 years old, and has maintained a consensual relationship with his girlfriend for over 15 years. Together they have a 13-year-old daughter. Present at sentencing were defendant's mother, brother, sister, and a family friend.

Defendant's father, with whom defendant was "very close," died suddenly when defendant was 12 years old. He believes his father's death was related to diabetes and alcoholism. Defendant has struggled with alcohol and marijuana abuse since that time.

Defendant hopes to find employment as a cook. At the time of his arrest, he was regularly attending the Star Career Academy in Manhattan, for culinary studies. He owes a significant sum for tuition.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and a term of imprisonment exceeding a year. Specific deterrence has been substantially achieved. Treatment for alcohol and drug abuse, required as a condition of Campbell's supervised release, is more likely than additional incarceration to prevent recidivism in this case.

### c. *Keith Beaufort*

Beaufort's total offense level is 8, after a 2-point "safety valve" reduction, and his criminal history category is I. The recommended guideline imprisonment range is 0 to 6 months.

Beaufort was sentenced to three years of probation. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). The government did not object to a non-incarceration sentence for this offense.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant is 31 years old and has no criminal convictions. His father died when defendant was 12 years old after being struck by a tractor trailer; his mother died when defendant was 16 years old from pulmonary edema. He was then raised by his oldest brother, a correctional officer with the New York City Department of Corrections, who assumed responsibility for defendant and his two other siblings.

The defendant worked as an unarmed security guard for several private security companies prior to his arrest. Since May 2013 he has been earning minimum wage as a warehouse worker at various locations in Brooklyn.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and attendant collateral consequences. Specific deterrence has been substantially achieved. Defendant showed considerable remorse, including concern that his conduct reflected poorly on his older brother.

### d. Ira Martin

Martin's total offense level is 12 and his criminal history category is I. The recommended guideline imprisonment range is 10 to 16 months.

Martin was sentenced to three years of probation. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. *See* 18 U.S.C. § 3553(a). The government did not object to a non-incarceration sentence for this offense.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Martin is 30 years old. When he was 18 years old, his mother became the guardian and foster mother of defendant's three cousins, whose mother (defendant's aunt) was addicted to heroin. Defendant's father, although now sober, was addicted to crack cocaine and heroin and involved in "robbing and stealing" throughout much of defendant's childhood. He has been in a romantic relationship with his girlfriend since 2004. Together they have a 5-year-old daughter.

Since his arrest, defendant has been in court-ordered therapy for depression, anxiety, and other anger management issues. He has skipped or failed to report to several therapy sessions, though some of these absences have been due to work commitments or public assistance appointments. His therapist reports that "[o]verall, it seems as though work is helping [defendant] adjust to current circumstances, but again treatment compliance has been a major issue."

Defendant lives in an apartment provided by the New York City Department of Homeless Services. He has been working as a maintenance worker (porter) since June 2013.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and attendant collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse, and will most benefit from continued psychiatric and substance-abuse treatment.

### e. *Jonathan Scott*

Scott's total offense level is 12 and his criminal history category is I. The recommended guideline imprisonment range is 10 to 16 months.

Scott was sentenced to three years of probation, to commence after his release from custody on State criminal charges pending in Vermont. If supervised release is a component of defendant's State sentence, the Probation Office may make an application to release defendant. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. See 18 U.S.C. § 3553(a). The government did not object to a non-incarceration sentence for this offense.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Scott is 24 years old. He had a difficult upbringing, living "on the streets" and with friends for part of his childhood, while his father struggled with drug abuse.

He has been in a romantic relationship with his fiancé, who is pursuing her Master's degree, since 2011. She describes defendant as "supportive," "articulate," and "prepared to change." She has remained in daily telephone or email contact with the defendant since his arrest.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and attendant collateral consequences. Specific deterrence has been substantially achieved. With

the continued support of his fiancé and monitoring by the Probation Office, defendant will have an opportunity to make much-needed changes in his life.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: March 19, 2014
       Brooklyn, New York